STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.                                         Civil Action


PETER S. REDMAN                    )
                                   )
              Plaintiff            )
                                   )
    v.                             )
                                   )        Docket No. PORSC-CV-18-0390
DIANE NASON and KEY BANK           )
                                   )
              Defendants           )
                                   )
                                   )

## ORDER ON DEFENDANT NASON'S MOTION TO DISMISS

Defendant Diane Nason has filed a Motion to Dismiss pursuant to M.R. Civ.

P. 12(b)(6) based on statute of limitations and res judicata/claim preclusion

grounds.[1] Plaintiff Peter S. Redman has opposed the Motion and Defendant Nason

has filed a reply.

Defendant Nason presents what may be valid defenses to the Plaintiff's claims,

but her Motion to Dismiss also attaches and relies upon—at least for res judicata

purposes—documents outside the pleadings. Rule 12(b) generally requires that, if

material outside the pleadings are submitted in connection with a Rule 12(b)(6)

motion, the motion must be converted into a motion for summary judgment. The

Law Court has endorsed a limited exception that allows the court to consider certain

material in deciding a Rule 12(b)(6) motion without converting it to a summary

---

[1] The Plaintiff's Complaint appears also to name Key Bank as a defendant. Key Bank has not appeared in the case.

1

judgment motion. *See Moody v. State Liquor and Lottery Commission*, 2004 ME 20, ¶ 10, 843 A.2d 43, 48 (court may consider "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged").

The materials relied on in Defendant Nason's Motion to Dismiss do not fit within any of the *Moody* exceptions, so her dispositive motion must be considered as a motion for summary judgment. It is ORDERED AS FOLLOWS:

1. Defendant Nason's Motion to Dismiss is denied.

2. Defendant Nason's deadline for filing an answer is extended to December 1, 2018. If a motion for summary judgment is filed by December 1, 2018, the deadline is further extended to 20 days after the court's ruling on the summary judgment motion.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated November 1, 2018         _____
                                          A. M. Horton, Justice

2

*Peter S. Redman vs. Dianne Nason, et al.,* PORSC-CV-18-390

**Plaintiff, Peter Redman,** *Pro Se*

**Defendant, Dianne Nason's Attorney:**

W. Scott O'Connell, Esq.
Nixon Peabody

**Defendant, Key Bank**, unserved, no appearance